UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

NORBERT GRIGGER,
                Defendant.
---------------------------------------------------------x

<u>NOT FOR PUBLICATION</u>
**MEMORANDUM & ORDER**
14-CR-00531 (CBA)

**AMON, United States District Judge:**

The defendant, Norbert Grigger, asks the Court to retroactively run his federal sentence of incarceration concurrently with a sentence he previously served arising out of New York state charges.  He alleges that his counsel in his federal criminal cases rendered ineffective assistance because "despite [Grigger's] request for him to do so, [counsel] failed to raise the issue of the time [Grigger] had served in State Prison for the [New York state charges] and request a concurrent Federal Sentence to the State's."  (E.C.F. Docket Entry # 39 at 2.)  Grigger's motion is purportedly made under Federal Rule of Civil Procedure 60(b).  However, because the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," FED. R. CIV. P. 1, Grigger's request for relief from a judgment of conviction in a criminal case is outside the scope of Federal Rule of Civil Procedure 60(b), <u>Negron v. United States</u>, 164 F. App'x 158, 159 (2d Cir. 2006).  If Grigger consents to the recharacterization of his motion as one made under 28 U.S.C. § 2255, the Court may consider it.  Grigger is cautioned, however, that if the instant motion is construed as Grigger's first motion for relief under § 2255, any subsequent motion made under § 2255 will be subject to the restrictions on second or successive motions found at 28 U.S.C. § 2255(h).  <u>See</u> <u>Adams v. United States</u>, 155 F.3d 582, 583-84 (2d Cir. 1998).  Grigger is further reminded of the one-year statute of limitations to which motions made under §

1

2255 are subject.  See 28 U.S.C. § 2255(f); Adams, 155 F.3d at 584 n. 2.  If Grigger wishes to consent to the recharacterization of his motion, he is ordered to advise the Court of his decision by letter no later than March 17, 2021.  If Grigger does not consent to the recharacterization of his motion, he may either withdraw his motion or it will be denied as outside the scope of Federal Rule of Civil Procedure 60(b).  The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to Grigger.

   SO ORDERED.

Dated: February 17, 2021
   Brooklyn, New York       __/s/ Carol Bagley Amon_____
                  Carol Bagley Amon
                  United States District Judge